[Cite as *Nigh Law Group, L.L.C. v. Pond Medical Ctr., Inc.*, 2022-Ohio-2036.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Nigh Law Group LLC, | : | |
| Plaintiff-Appellee, | : | No. 21AP-558 & No. 21AP-559 |
| v. | : | (C.P.C. No. 19CV-9509) |
| Pond Family Medical Center, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 16, 2022

**On brief:** *Anspach Meeks Ellenberger LLP* and *David A. Herd*, for appellee. **Argued:** *David A. Herd.*

**On brief:** *David Pond*, pro se. **Argued:** *David Pond.*

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Attempted intervenor-appellant, David Pond, appeals pro se from a judgment of the Franklin County Court of Common Pleas striking the pleadings he filed on behalf of defendant, Pond Family Medical Center, Inc. ("PFMC"), and granting default judgment in favor of plaintiff-appellee, The Nigh Law Group LLC ("Nigh Law"). For the following reasons, we dismiss Pond's appeal filed on behalf of PFMC and affirm the trial court's judgment with respect to Pond's appeal in his individual capacity.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This case began when Nigh Law filed a complaint in the Franklin County Municipal Court asserting claims on account, for breach of contract, and for unjust enrichment. The complaint named as defendants PFMC and "John and Jane Doe Owners,

Shareholders, Principals and/or Responsible Parties."[1]  Nigh Law sought $3,279.50, plus interest, for legal services rendered to PFMC.

{¶ 3}  Pond filed a counterclaim against Nigh Law alleging malpractice and fraudulent inducement and seeking damages of $140,886.82.  Pond filed the counterclaim as "David Pond[,] President for Pond Family Medical Center[,] Inc."  (Counterclaim at 1.) Because the counterclaim exceeded the Municipal Court's monetary jurisdiction, the case was transferred to the Franklin County Court of Common Pleas.

{¶ 4}  After the transfer, Pond moved to join the action in his individual capacity as a third-party defendant, asserting PFMC was insolvent and unable to afford counsel.  Pond sought to join the action "to be able to state the facts of the case as to what happened to Pond Family Medical Center Inc., due to the acts and the omissions and overall legal malpractice of Joe Nigh."  (Nov. 26, 2019 Mot. to Join at 1.)

{¶ 5}  Nigh Law moved to strike the counterclaim, asserting Pond could not represent PFMC because he was not an attorney.  Nigh Law also moved to strike Pond's motion to join as a third-party defendant, asserting it was untimely and had been filed without leave of court.  The trial court granted the motion to strike Pond's motion to join as a third-party defendant.

{¶ 6}  Pond later filed a second motion to join as a third-party defendant, asserting he had suffered damages in his individual capacity due to the actions of Nigh Law.  Pond claimed PFMC was insolvent and could not obtain legal counsel.  Following a status conference at which Pond indicated he had been unable to obtain counsel for PFMC, the trial court issued an order on February 13, 2020, striking all filings submitted by Pond.

{¶ 7}  Pond subsequently filed an amended counterclaim arguing he had been made a party defendant to the case in his individual capacity.  The amended counterclaim asserted claims against Nigh Law for malpractice, breach of contract, breach of fiduciary duty, and fraudulent inducement and sought damages of $39,062,699.75.  Pond later moved for summary judgment or default judgment on his amended counterclaim.  Nigh Law moved to strike the amended counterclaim because Pond was not a party to the case

---

[1] Nigh Law ultimately moved to dismiss all "John and Jane Doe" defendants named in the complaint and the trial court granted that motion.

in his individual capacity and could not represent PFMC. Pond also moved for sanctions against Nigh Law's counsel, asserting he failed to serve various filings on PFMC or Pond.

{¶ 8} Nigh Law moved for default judgment on its claims against PFMC, asserting PFMC failed to timely file an answer or otherwise appear in the action.

{¶ 9} The trial court entered an order on October 8, 2021, striking all pleadings filed by Pond on behalf of PFMC, including the amended counterclaim, pursuant its prior order of February 13, 2020. The trial court also granted Nigh Law's motion for default judgment against PFMC. Pond timely appealed the trial court's order.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Pond assigns the following as trial court error:

[1.] The trial court Erred and abused its discretion when it ignored the multiple filings to include initial plaintiff filings and argument in court that the initial and amended countersuits filed by David Pond were filed for David Pond himself and not for the corporation.

[2.] The trial court erred and abused its discretion and showed bias when the Trial court did not follow the Ohio Rules of Procedure to allow an interested party and a named defendant to either join a lawsuit, or to have a say in trial.

[3.] The trial court erred and abused its discretion and showed bias when it not only ignored motion for summary judgment and or default judgment for Defendant David Pond but had these stricken from the record as if they never happened.

[4.] The Trial court erred when it removed motions and responses and complaints and amended counter complaints from David Pond from the Trial record when notice of appeal was filed with the trial court notifying the Trial court that an appeal has been filed on this decision to strike.

[5.] The trial court erred and abused its discretion and showed bias when it went against the weight of the evidence the burden of proof and did not provide summary judgment or default judgment for David Pond

[6.] The trial court erred and abused its discretion and showed bias when the trial court ignored that Plaintiff was in error in their motion to strike David Ponds Personal counter complaint when they argued that the counter complaint was filed for the corporation when it is clearly not for the corporation.

[7.] The trial court erred and abused its discretion and showed bias by ignoring the Ohio Rules of civil Procedure rule and not joining David Pond to the lawsuit for his counter claim

[8.] The trial court erred and abused its discretion and showed bias when it ignored the Ohio Rules of Civil Procedure Rule 19.

[9.] The trial court erred and abused its discretion and showed bias when it ignored rule Ohio Rules of Civil Procedure 21 and neither joined David Pond to this suit, and by dismissing his claim.

[10.] The trial court erred and abused its discretion and showed bias when it Ignored David Ponds response to motion to strike filed 12 January 2021

[11.] The trial court erred and abused its discretion and showed bias when it completely dismissed a motion to sanction Mr. Keck for Fraud, and dismiss any motion or claim that Mr. Keck has not properly serviced.

[12.] The court erred when they did not see the fraud committed by Plaintiff Attorney when they admitted on 10 Dec 2019 filing that original Counterclaim by David Pond was filed for him, personally then every other motion to strike they claim David Pond filed counterclaim for Pond Family Medical Center Inc.,

(sic passim.)

### III.  LEGAL ANALYSIS

{¶ 11} Initially, we note Pond filed two notices of appeal, which have been consolidated by this court.  He filed the notice of appeal in case No. 21AP-558 as "CEO/Shareholder/Power of Attorney David Pond."  This suggests Pond was attempting to file the appeal in case No. 21AP-558 on behalf of PFMC.  "A corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law."  *Union Sav. Assn. v. Home Owners Aid*, 23 Ohio St.2d 60 (1970), syllabus.  *See also Cleveland Bar Assn. v. CompManagement, Inc.*, 111 Ohio St.3d 444, 2006-Ohio-6108, ¶ 22 ("In regard to corporations, a layperson generally may not represent the corporation or take any legal action on behalf of the corporation before a court or administrative agency."); *Geiger v. King*, 10th Dist. No. 03AP-1228, 2004-Ohio-2137, ¶ 9 ("[C]ourts have held that a complaint or other pleading undertaken on behalf of a corporation by a non-attorney is a nullity.").  Pond is not admitted to the practice of law in Ohio and therefore cannot file a notice of appeal on behalf of PFMC.

Accordingly, we dismiss the appeal in case No. 21AP-558. *See Navy Portfolio, L.L.C. v. Avery Place, LLC*, 10th Dist. No. 13AP-1071, 2014-Ohio-3401, ¶ 10 (dismissing appeals filed by non-attorney owner on behalf of limited liability company); *Campus Pitt Stop, L.L.C. v. Ohio Liquor Control Comm.*, 10th Dist. No. 13AP-622, 2014-Ohio-227, ¶ 11-13 (affirming dismissal of administrative appeal filed by non-attorney on behalf of limited liability company).

{¶ 12} Pond's 12 assignments of error in case No. 21AP-559 generally raise two issues: (1) challenges to the denial of his motions for joinder and (2) challenges to the trial court's order striking his filings. We will address each of these issues in turn.

{¶ 13} Pond's second, seventh, eighth, and ninth assignments of error effectively challenge the trial court's denial of his motions for joinder. The trial court entered an order denying Pond's first motion to join as a third-party defendant. The trial court did not expressly deny Pond's second motion to join as a third-party defendant, but because the motion was filed on February 11, 2020, it was stricken by the trial court's February 13, 2020 order striking all filings submitted by Pond.

{¶ 14} Although Pond captioned his motions as motions to join, they are more properly construed as motions to intervene. Pond was not named in the complaint as a defendant, but he sought to become a party to the action. "Civ.R. 24 allows a non-party to file a motion to intervene and contains specific requirements for such a motion." *Whitehall v. Olander*, 10th Dist. No. 14AP-6, 2014-Ohio-4066, ¶ 27. *See also* 1970 Staff Note, Civ.R. 24 ("Intervention under Rule 24 'rounds out' joinder of parties theories of the rules of procedure. Thus, a potential party who is not a party to the action may, under certain circumstances and by his own initiative, intervene in the action as a party."); *Eaton Natl. Bank & Trust Co. v. LNG Resources, LLC*, 10th Dist. No. 08AP-829, 2009-Ohio-1186, ¶ 5 ("[I]t is well-established that a non-party to an action who claims an interest relating to the property or transaction, which is the subject of the action and who is so situated that disposition of the action may as a practical matter impair or impede his ability to protect that interest, may file a motion to intervene pursuant to Civ.R. 24(A)."). Accordingly, we will consider whether the trial court erred by denying Pond's attempts to intervene as a party in the case.

{¶ 15} We review denial of a motion to intervene for abuse of discretion. *Whitehall* at ¶ 34. *See also State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶ 41 ("Whether intervention is granted as of right or by permission, the standard of review is whether the trial court abused its discretion in allowing intervention."). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Whitehall* at ¶ 34. Generally, we construe Civ.R. 24 liberally to permit intervention. *Id.*

{¶ 16} Civ.R. 24(A) addresses intervention by right, providing that upon timely application anyone shall be permitted to intervene in an action when a statute confers an unconditional right to intervene or when the applicant claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposition of the action may impair or impede his ability to protect that interest. Civ. R. 24(B) addresses permissive intervention, providing that upon timely application anyone may be permitted to intervene in an action when a statute confers a conditional right to intervene or when the applicant's claim or defense and the main action have a question of law or fact in common.

{¶ 17} Pond's second motion to join asserted that he and PFMC had been injured by the same circumstances, transactions, and occurrences, and that his claims shared many of the same questions of law with the claims of PFMC. Therefore, Pond's motions are most accurately construed as motions for permissive intervention under Civ.R. 24(B), because Pond alleged his claims had questions of law and fact in common with Nigh Law's claims and PFMC's counterclaims.

{¶ 18} In exercising its discretion over a motion for permissive intervention, a court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Civ.R. 24(B). We have held that "a different standard applies depending upon whether [a] proposed intervenor has a right to intervene or may only do so permissively." *HER, Inc. ex rel. Stonebridge Corp. v. Parenteau*, 153 Ohio App.3d 704, 2003-Ohio-4370, ¶ 14 (10th Dist.). When there is a right to intervene, "the scales tip in favor of allowing intervention despite the existence of conditions which might otherwise militate against intervention." *Id.* Conversely, where an individual seeks permissive intervention, courts may weigh those factors differently. *See id.* at ¶ 13, quoting *Likover v. Cleveland*, 60 Ohio App.2d 154, 159 (8th Dist.1978) ("Intervention as of right

may be granted at a time in the proceedings when permissive intervention would not. That is, in cases of permissive intervention, greater consideration may be given to undue delay or prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, the court may give the greater consideration to possible prejudice to the intervenor in protecting his interest if intervention is not granted.").

**{¶ 19}** In this case, Pond's motions to join indicate his primary reason for seeking to become a party was to represent the interests of PFMC. In his first motion to join, Pond sought to become a party "to be able to state the facts of the case as to what happened to Pond Family Medical Center Inc., due to the acts and the omissions and overall legal malpractice of Joe Nigh." (Nov. 26, 2019 Mot. to Join at 1.) Pond asserted in his second motion to join that "[w]ithout David Pond to state the case or argue the case, Pond Family Medical Center Inc., will be without a voice in this pending litigation, which would be further injustice to the damage caused by the negligence and malpractice of Joseph Nigh." (Feb. 11, 2020 Mot. to Join at 2.) As discussed below, as a non-attorney, Pond could not act pro se on behalf of PFMC.

**{¶ 20}** To the extent Pond sought to become a party so that he could assert claims in his individual capacity, those claims would have substantially increased the complexity and risk of confusion of the issues in the case. For example, the amended counterclaim asserted that alleged malpractice by Nigh Law caused the closure of PFMC and resulted in the loss of Pond's medical license and future earnings.[2] Under these circumstances, we cannot find that the trial court abused its discretion by denying permissive intervention. *See George v. Realty One Property Mgmt.*, 8th Dist. No. 78929 (Sept. 6, 2001) (concluding the trial court did not abuse its discretion by denying permissive intervention because "[e]ven if there might be some common factual and legal issues, the potential confusion involved in the litigation of differing claims and damages suffered by each plaintiff would militate against the intervention of multiple plaintiffs").

**{¶ 21}** Additionally, although Pond separately filed a counterclaim and amended counterclaim in the trial court proceedings, neither of his motions to join was accompanied by a pleading setting forth the proposed counterclaims that he would bring in his individual

---

[2] We note that Pond has filed a complaint in the Franklin County Court of Common Pleas against Joseph Nigh and Nigh Law. *Pond v. Nigh*, Franklin C.P.C. No. 21CV-7431. The complaint in that case asserts substantially similar claims to those asserted in the counterclaims he sought to file in the present case.

capacity if intervention was granted. Civ.R. 24(C) provides that a motion to intervene "shall be accompanied by a pleading * * * setting forth the claim or defense for which intervention is sought."  "[D]enial of [a] motion to intervene is warranted on the basis of a failure to comply with the pleading requirement alone." *Whitehall* at ¶ 35, citing *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 21-22.

**{¶ 22}** Because the trial court did not abuse its discretion by denying Pond's motions to join, we overrule his second, seventh, eighth, and ninth assignments of error.

**{¶ 23}** Pond's first, third, fourth, fifth, sixth, tenth, eleventh, and twelfth assignments of error challenge the trial court's orders striking his filings or allege error in not granting motions that were stricken.  The February 13, 2020 order struck all of Pond's filings and advised him that any future filings on behalf of PFMC would be summarily dismissed.  Pursuant to that order, the trial court's October 8, 2021 order struck all Pond's subsequent filings on behalf of PFMC.  Pond generally argues the trial court abused its discretion by striking his filings or by failing to grant certain motions he filed.

**{¶ 24}** A trial court has inherent power to manage its docket and we review a trial court decision granting a motion to strike for abuse of discretion. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 11.  Thus, we must determine whether the trial court's orders striking Pond's filings were unreasonable, arbitrary, or unconscionable *Id.*

**{¶ 25}** Pond alleges the trial court ignored the fact that his filings were made in his individual capacity and not on behalf of PFMC.  However, there is nothing in the record establishing that Pond was ever a party to the case in his individual capacity.  Pond was not named in the complaint as a defendant.  The complaint named John and Jane Doe defendants, but Pond was never substituted in place of those unknown defendants. *See* Civ.R. 15(D) ("When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description.  When the name is discovered, the pleading or proceeding must be amended accordingly.").  The Doe defendants were ultimately dismissed pursuant to a motion filed by Nigh Law.  As explained above, Pond's motions to join or intervene as a party were properly denied.

**{¶ 26}** Moreover, it is apparent that many of Pond's filings were made on behalf of PFMC.  Pond filed the counterclaim using the title of president of PFMC and indicated the

counterclaim was filed on behalf of PFMC. As explained above in the context of Pond's notice of appeal in case No. 21AP-558, a non-attorney may not represent a corporation in litigation. *See State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, ¶ 6 ("With rare exceptions that are not applicable here, a corporation is not permitted to maintain litigation and appear in court represented by nonattorney corporate officers or agents."); *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, ¶ 8 ("It is the ordinary rule that a corporation may not litigate or appear in court represented by nonlawyer corporate officers or agents."); *Union Sav. Assn.* at syllabus ("A corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law."). Accordingly, Ohio courts have held that "any filing by a non-attorney on a corporation's behalf is a nullity and may be stricken from the record." *Smith v. Mighty Distrib. of S.W., PA, Inc.*, 11th Dist. No. 2004-T-0056, 2005-Ohio-1689, ¶ 10. *See also Geiger* at ¶ 9 ("[C]ourts have held that a complaint or other pleading undertaken on behalf of a corporation by a non-attorney is a nullity."). Although Pond may have been an officer of PFMC, he is not an attorney and is not licensed to practice law in Ohio. Therefore, Pond could not act pro se on behalf of PFMC in the trial court. The trial court did not abuse its discretion by striking Pond's filings on behalf of PFMC or by refusing to grant motions Pond filed on behalf of PFMC. Accordingly, we overrule Pond's first, third, fourth, fifth, sixth, tenth, eleventh, and twelfth assignments of error.

## IV. CONCLUSION

{¶ 27} For the foregoing reasons, we dismiss the appeal in case No. 21AP-558 and overrule Pond's 12 assignments of error in case No. 21AP-559. We affirm the judgment of the Franklin County Court of Common Pleas.

*Appeal dismissed in 21AP-558;*
*judgment affirmed in 21AP-559.*

KLATT and MENTEL, JJ., concur.

_____