[Cite as *Deitz v. Deitz*, 2014-Ohio-3531.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

KRISTEN DEITZ

    Appellee

    v.

THEODORE DEITZ

    Defendant

    and

WILMA DEITZ

    Appellant

    and

MATTHEW DEITZ

    Appellant

C.A. No.    13CA0030


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    12-DR-0217

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

---

WHITMORE, Judge.

{¶1} Appellants, Wilma Deitz and Matthew Deitz, appeal from the judgment of the Wayne County Court of Common Pleas, denying their motions for joinder. This Court affirms.

I

{¶2} Wilma Deitz and Matthew Deitz are the mother and brother of Theodore Deitz ("Husband"). Husband and Appellee, Kristine Deitz ("Wife"), were married in 2001 and had four children during the course of their marriage. Husband left the marital residence in March

2012 and began residing at Wilma's home where his brother Matthew also resided. In May 2012, Wife filed a complaint for divorce, and Husband filed a counterclaim for the same. A trial took place before a magistrate on April 9, 2013.

{¶3} At the trial, Wife introduced Exhibit H, a list of cars, trailers, parts, and tools that she asked to have classified as marital property and sold at auction. Wife elaborated that, due to his unemployment, Husband had accrued substantial child support arrearages and she hoped to apply the proceeds from the auction to his arrearages. Wife, Husband, and Wilma all testified at the trial regarding specific items of property that Wife sought to have classified as marital.

{¶4} On April 23, 2013, the magistrate issued his decision. Relevant to this appeal, the magistrate ordered that the majority of the items on Exhibit H would be presumed to be marital property, as Husband had failed to trace those items as his separate property. The magistrate listed the various items in his decision and ordered that they be sold at public auction. The trial court adopted the magistrate's decision on the same day.

{¶5} On May 7, 2013, Husband filed objections to the magistrate's decision. One of his objections challenged the distribution of the property on the basis that "some of the property listed appears to be the property of third parties." Additionally, on May 23, 2013, Wilma and Matthew filed identical motions for joinder as party-defendants pursuant to Civ.R. 75(B)(1). Both attached affidavits to their motions in which they attested that several items of their personal property had been wrongfully classified as Husband and Wife's marital property. The court denied the motions for joinder on the basis that they were "too little, too late."

{¶6} Wilma and Matthew now appeal from the court's denial of their motions and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANTS' MOTIONS FOR JOINDER PURSUANT TO CIV.R. 75(B)(1).

{¶7}    In their sole assignment of error, Wilma and Matthew argue that the trial court abused its discretion by denying their motions for joinder pursuant to Civ.R. 75(B)(1). We disagree.

{¶8}    Civ.R. 75(B) governs the joinder of parties in divorce proceedings. Pursuant to Civ.R. 75(B)(1), "[a] person * * * claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant." Joinder under Civ.R. 75(B)(1) "is within the sound discretion of the trial court." *Gest v. Gest*, 9th Dist. Lorain No. 96CA006580, 1998 WL 208872, *2 (Apr. 29, 1998). "The trial court may, in the exercise of its discretion, allow [joinder] when the trial court believes that [a] third-party's interest in the property * * * need[s] to be protected within the divorce action." *Foster v. Foster*, 9th Dist. Medina No. 1735, 1989 WL 1632, *2 (Jan. 11, 1989). Consequently, this Court applies an abuse of discretion standard of review when reviewing a trial court's decision on a motion under Civ.R. 75(B)(1). *Id.* An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}    Wife introduced Exhibit H at trial and specified that she was asking the court to classify all of the items listed on the exhibit as marital property. Wife testified that she had compiled Exhibit H from memory, as she did not know what property Husband currently had in his possession. Exhibit H was, therefore, vague in its descriptions. For example, while Wife

listed several cars by year and model, she listed others as "Car purchased on Ebay by Ted recently," "Box truck," "Duster," and "Satellite." None of the items on the list had VIN numbers, serial numbers, or other features that might specifically identify them. Meanwhile, Husband made no attempt to fully inventory the property in his possession. He also never produced any titles or receipts for any of the property. Instead, Husband testified that several of the items were his separate property because he had inherited them. He never testified, however, that Exhibit H included items that belonged to other people.

{¶10} Wilma, Husband's mother, also testified at trial. She was asked about several specific items or groups of items (e.g., tools) and testified that Husband had inherited the items. Wilma acknowledged that she owned property on which a pole barn and several storage containers were located. She also testified that the pole barn contained property belonging to Husband, as well as property belonging to her and possibly to her other son, Matthew. Yet, Wilma did not identify any of the specific property at the pole barn. When asked if she knew what specific items were located on her property, she testified that she had "a good idea" of what was there. The record does not contain any reference to Wilma ever having been shown Exhibit H at trial.

{¶11} Wilma and Matthew filed their motions for joinder one month after the trial court issued a judgment decree of divorce in this matter. They each submitted affidavits in support of their motions. In identical paragraphs, they each averred that

> [a] number of the personal property items listed in [Wife's] Exhibit H as referenced in both the Magistrate's Decision * * * and the Decree of Divorce * * * in *Deitz v. Deitz*, are my sole and exclusive property.

Wilma and Matthew went on to aver that their "personal property items" did not belong to Husband or Wife and had been wrongfully classified as marital property. Further, they averred

that, until the issuance of the magistrate's decision and divorce decree, they had no knowledge that their "personal property items" had been wrongfully classified as marital property.

{¶12} The trial court denied Wilma's and Matthew's motions for joinder on the basis that they were "too little, too late." We decline to address the court's conclusion that the motions were "too late," as it is not necessary to decide this appeal. With regard to the motions being "too little," Civ.R. 75(B)(1) only permits joinder in a divorce action when a person "claim[s] an interest in property" that is at issue in the action. "The term 'interest,' as found in Civ.R. 75(B)(1) means 'lien or ownership, legal or equitable.'" *Shannon v. Shannon*, 8th Dist. Cuyahoga No. 61747, 1993 WL 27633, \*1 (Feb. 4, 1993), quoting *Maher v. Maher*, 64 Ohio App.2d 22, 24 (6th Dist.1978). As the parties seeking to join in Husband and Wife's divorce action, Wilma and Matthew bore the burden of sufficiently detailing their respective property interests and the basis for their claim of ownership. *See Brunswick v. Brunswick Hills Twp. Bd. Trustees*, 81 Ohio App.3d 252, 255 (9th Dist.1992) ("It is fundamental that a potential party seeking to intervene in an action bears the burden of proving an interest therein."). Upon review of their motions for joinder, we cannot conclude that the trial court abused its discretion by denying their respective motions.

{¶13} Although Wilma and Matthew attached affidavits to their motions for joinder, the affidavits merely claimed a vague interest in a "number of [] personal property items listed in Plaintiff's Exhibit H." Neither Wilma, nor Matthew identified any specific items of personal property as belonging to them or explained the nature of their exact interest in those items. *See In re M.N.*, 9th Dist. Wayne No. 07CA0088, 2008-Ohio-3049, ¶ 12 (person's "mere claim of right," absent any evidence of a legal interest, is an insufficient ground upon which to seek intervention). As previously explained, Exhibit H contained vague descriptions because Wife

had compiled it from memory. There was testimony that Husband and Matthew lived with Wilma. There also was testimony that Husband kept property at Wilma's pole barn and that the barn also contained property belonging to Wilma and possibly Matthew. Accordingly, Wilma and Matthew were both in a position to access and identify any specific items of property belonging to them and to establish the exact nature of their interest in those items. Neither made any attempt to do so. We cannot, therefore, conclude that the trial court's discretionary decision to deny their motions for joinder was unconscionable, unreasonable, or arbitrary. *See Shannon* at *1. *See also Velocity Dev., L.L.C. v. Perrysburg Twp. Bd. of Trustees*, 6th Dist. Wood No. WD-11-037, 2011-Ohio-6192, ¶ 17-19; *Williams v. Avon*, 52 Ohio App.2d 210, 212 (9th Dist.1977). *Compare Huener v. Huener*, 110 Ohio App.3d 322, 327 (3d. Dist.1996) (court abused its discretion by denying parents' motion to join in son's divorce proceeding under Civ.R. 75(B)(1) where the record reflected that they were title owners of the real estate property at issue). Wilma and Matthew's sole assignment of error is overruled.

III

{¶14} Wilma and Matthew's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

BRIAN L. SUMMERS, Attorney at Law, for Appellants.

ROSANNE K. SHRINER, Attorney at Law, for Appellee.