[Cite as *Davis v. Hallum-Davis*, 2022-Ohio-3929.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shawn M. Davis, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-312 |
| v. | : | (C.P.C. No. 16DR-2981) |
| Hope H. Hallum-Davis, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on November 3, 2022

---

**On brief:** *Battisti Ansbro*, and *Mary C. Ansbro*, for appellee.
**Argued:** *Mary C. Ansbro*.

**On brief:** *Trolinger Law Offices LLC*, and *Christopher L. Trolinger*, for appellant. **Argued:** *Christopher L. Trolinger*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Defendant-appellant, Hope H. Hallum-Davis, appeals the May 25, 2021 judgment entry and decree of divorce of the Franklin County Court of Common Pleas, Division of Domestic Relations, terminating her marriage to plaintiff-appellee, Shawn M. Davis. For the following reasons, we reverse and remand this matter with instructions.

**I. Facts and Procedural History**

{¶ 2} The parties were married on October 4, 2005 and had four children together. On August 3, 2016, Shawn filed a complaint for divorce; Hope filed a counterclaim for divorce on September 14, 2016.

{¶ 3} On February 1, 2018, third-party Norman Davis, Shawn's father, filed a motion to intervene as a party pursuant to Civ.R. 24. On the same date, Hope filed two

motions in response to Norman's filing. First, Hope filed a motion to dismiss Norman's motion to intervene, arguing that Civ.R. 24 was inapplicable in divorce actions. Hope additionally filed a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 against Norman and his counsel. On February 15, 2018, Norman filed a memorandum in opposition to Hope's two motions filed on February 1, 2018. In the same filing, Norman moved to convert his February 1, 2018 motion to intervene into a motion for permissive joinder pursuant to Civ.R. 20. On March 15, 2018, Hope filed a motion to strike or dismiss Norman's February 15, 2018 filing.

{¶ 4} On March 26, 2018, Norman filed notice of the withdrawal of both his February 1, 2018 motion to intervene and his February 15, 2018 motion to convert to permissive joinder. On April 2, 2018, counsel for Norman filed a motion to withdraw, asserting that Norman "has withdrawn his Motion to Intervene and is not otherwise a party." (Apr. 2, 2018 Mot. at 1.) On April 18, 2018, the court granted the April 2, 2018 motion for Norman's counsel to withdraw.

{¶ 5} On April 2, 2018, the guardian ad litem filed a recommendation. On April 4, 2018, the parties filed a shared parenting plan. On the same date, the trial court filed an agreed entry determining various issues related to the parties' property and shared parenting plan. On September 13, 2018, the parties filed a joint shared parenting plan. On November 8, 2018, the court filed a shared parenting decree.

{¶ 6} On January 4, 2019, Hope filed a motion for show cause and contempt, arguing Shawn was in contempt of multiple provisions of the trial court's April 4, 2018 agreed entry. On January 15, 2019, Shawn filed a motion to modify child support and joint shared parenting plan. Beginning on January 23, 2019, the trial court conducted a trial on the complaint and counterclaim for divorce. On February 7, 2019, Shawn filed a motion for an order finding Hope in contempt of the trial court's April 4, 2018 agreed entry. On March 27, 2019, the parties filed joint stipulations. On May 30 and 31, 2019, the trial court filed stipulations of the parties.

{¶ 7} On January 16, 2020, the trial court magistrate filed a decision, which was adopted by the trial court on the same day, ruling on Shawn's January 15, 2019 motion to modify child support. On January 29, 2020, Shawn filed objections to the magistrate's

January 16, 2020 decision. On May 25, 2021, the trial court filed a judgment entry and decree of divorce.

**II. Assignments of Error**

{¶ 8} Hope appeals and assigns the following five assignments of error for our review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING NORMAN DAVIS'S MOTION TO INTERVENE AND TO BE JOINED AS PARTY FILED FEBRUARY 15, 2018 AS SUCH MOTION WAS VOLUNTARILY WITHDRAWN ON MARCH 26, 2018 AND NO LONGER BEING PURSUED AS SUCH THAT ISSUE WAS NOT BEFORE THE COURT.
>
> [II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT THE FUNDS ALLEGEDLY PAID BY NORM[AN] DAVIS IS A MARITAL DEBT AND LOAN AS SUCH FINDING IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> [III.] THE TRIAL COURT ERRED AND ABUSED [ITS] DISCRETION IN DETERMINING THAT THE PARTIES OWED NORM[AN] DAVIS AN ADDITIONAL $15,000 ABOVE THE STIPULATED REQUESTED AMOUNT OF $54,838.62 AND SUCH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
>
> [IV.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN THE IMPOSITION OF A CONSTRUCTIVE TRUST OVER THE MARITAL RESIDENCE WHICH DEFENDANT RETAINED AS SUCH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AND WHERE NO PARTY REQUESTED SUCH A REMEDY.
>
> [V.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ISSUING ORDERS RELATED TO CHILD SUPPORT WITHOUT RULING ON OBJECTIONS PURSUANT TO CIV.R. 53(D)(4)([d]) WHEN SUCH ISSUES WERE NOT BEFORE THE COURT AT THE FINAL HEARING ON THE DIVORCE DUE TO THE ISSUE HAVING BEEN RESOLVED AND A SHARED PARENTING DECREE ISSUED PRIOR TO TRIAL AND A MODIFICATION

PENDING BEFORE THE MAGISTRATE AND OBJECTIONS TO THE MAGISTRATE'S DECISION PENDING BEFORE THE JUDGE PURSUANT TO CIV.R. 53(D)(3).

### III. First Assignment of Error

{¶ 9} In her first assignment of error, Hope asserts the trial court erred by granting Norman's February 15, 2018 motion for permissive joinder. Because Norman withdrew such motion on March 26, 2018, Hope argues the motion was no longer before the trial court and was improperly granted.

{¶ 10} In his February 15, 2018 motion, Norman sought to convert his February 1, 2018 motion to intervene under Civ.R. 24 into a motion for permissive joinder under Civ.R. 20. In its decision granting the decree of divorce, the trial court found that Shawn was "requesting that the Court acknowledge a debt/loan to be repaid to Plaintiffs [sic] Father, Norm[an] Davis, in the amount of $54,838.62," and ordered the parties to each pay half of the $54,838.62 sum to Norman. (Decision at 4.) The court found the parties owed Norman $15,000 for waterproofing work in the marital residence and ordered them to each repay one-half of that amount. Without explanation, the court granted "Third-Party Norm[an] Davis' Motion to Intervene and to be Joined as a Party filed on February 15, 2018." (Decision at 11.) In order to analyze the trial court's decision granting the February 15, 2018 motion, and whether it had authority to act sua sponte to order intervention and permissive joinder after Norman had filed a notice of withdrawal, it is necessary to discuss the implicated provisions of the Ohio Rules of Civil Procedure.

{¶ 11} " 'Civ.R. 24 allows a non-party to file a motion to intervene and contains specific requirements for such a motion.' " *Nigh Law Group LLC v. Pond Family Med. Ctr.*, 10th Dist. No. 21AP-558, 2022-Ohio-2036, ¶ 14, quoting *Whitehall v. Olander*, 10th Dist. No. 14AP-6, 2014-Ohio-4066, ¶ 27. *See* 1970 Staff Note, Civ.R. 24 ("Intervention under Rule 24 'rounds out' joinder of parties theories of the rules of procedure. Thus, a potential party who is not a party to the action may, under certain circumstances and by [the party's] own initiative, intervene in the action as a party."); *Eaton Natl. Bank & Trust Co. v. LNG Resources, LLC*, 10th Dist. No. 08AP-829, 2009-Ohio-1186, ¶ 5 ("[I]t is well-established that a non-party to an action who claims an interest relating to the property or transaction, which is the subject of the action and who is so situated that disposition of the action may

as a practical matter impair or impede his ability to protect that interest, may file a motion to intervene pursuant to Civ.R. 24(A)."). Civ.R. 24 contains separate requirements for intervention as a matter of right and permissive intervention, providing as follows:

> **(A) Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> **(B) Permissive intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶ 12} Civ.R. 20 governs permissive joinder of parties and states:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to

relief, and against one or more defendants according to their respective liabilities.

*See State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, ¶ 16.

{¶ 13} Civ.R. 21, which governs misjoinder and nonjoinder of parties, provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Civ.R. 21 is a mechanism for correcting either the misjoinder or nonjoinder of parties under [Civ.R.] 19, 19.1, and 20." (Quotations omitted.) *Whitehall* at ¶ 29, quoting *EnQuip Technologies Group, Inc. v. Tycon Technoglass, S.R.L.*, 2d Dist. No. 2009 CA 42, 2010-Ohio-28, ¶ 33, quoting Fink, Greenbaum, & Wilson, *Guide to the Ohio Rules of Civil Procedure*, Section 21:2 (2006 Ed.), and 1970 Staff Note, Civ.R. 21. "Civ.R. 21 only permits addition of parties on the motion of a party or on the trial court's own initiative; the rule does not permit the addition of parties on the motion of a non-party." *Whitehall* at ¶ 29.

{¶ 14} Civ.R. 75(A) provides that, subject to certain specified exceptions, the Ohio Rules of Civil Procedure apply in actions for divorce, annulment, legal separation, and related proceedings. Civ.R. 75(B) governs the joinder of parties in divorce proceedings and provides that Civ.R. 14, 19, 19.1, and 24 do not apply in such proceedings. *See Deitz v. Deitz*, 9th Dist. No. 13CA0030, 2014-Ohio-3531, ¶ 8. Civ.R. 75(B) details the circumstances under which a party may be joined to divorce proceedings including the following:

(1) A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant;

(2) When it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs;

(3) The court may make any person or agency claiming to have an interest in or rights to a child by rule or statute, including but not limited to R.C. 3109.04 and R.C. 3109.051, a party defendant;

(4) When child support is ordered, the court, on its own motion

or that of an interested person, after notice to the party ordered

> to pay child support and to his or her employer, may make the
> employer a party defendant.

Other appellate courts have applied an abuse of discretion standard when reviewing a trial court's decision under Civ.R. 75(B). *Deitz* at ¶ 8; *Moore v. Moore*, 175 Ohio App.3d 1, 2008-Ohio-255, ¶ 14 (6th Dist.); *Huener v. Huener*, 110 Ohio App.3d 322, 327 (3d Dist.1995). An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *Habtemariam v. Worku*, 10th Dist. No. 19AP-47, 2020-Ohio-3044, ¶ 19.

{¶ 15} Here, because Civ.R. 75(B) renders Civ.R. 24 inapplicable in divorce actions, Norman's February 1, 2018 motion to intervene as a party under Civ.R. 24 was improper. Recognizing this, Norman filed a motion on February 15, 2018 seeking to convert his February 1, 2018 motion to intervene under Civ.R. 24 into a motion for permissive joinder under Civ.R. 20. The record does not reflect that the parties moved to add Norman as a party to the action. Norman does not point us to and we are unaware of any legal authority indicating that a non-party can bypass the provisions of Civ.R. 24 by intervening in an action on its own initiative under Civ.R. 20. *See Whitehall* at ¶ 28, 30 (finding trial court did not err in analyzing motion to intervene only under Civ.R. 24 where party provided no authority for the proposition that a "non-party can seek to inject itself into an action by filing a motion under Civ.R. 19(A) or 20(A) and circumvent the requirements of Civ.R. 24"); *Flint v. Flint*, 9th Dist. No. 15CA010895, 2016-Ohio-5279, ¶ 10 (declining to determine whether a third-party can be joined to a divorce action under Civ.R. 20); *Elliot v. Elliot*, 2d Dist. No. 15635 (June 28, 1996) (stating that at the commencement of a divorce action, grandparents who would have visitation rights may join or be joined pursuant to Civ.R. 20, or thereafter only upon the motion of a plaintiff or defendant in the action). *See also Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir.1994), fn. 10. Furthermore, the parties have not pointed us to any authority for the ability of a trial court to grant a withdrawn motion

for joinder.[1]  Thus, it is unclear under what authority the trial court ordered intervention and permissive joinder of Norman.

{¶ 16}  As detailed above, Civ.R. 75(B) does permit joinder of non-parties in divorce actions under certain specified circumstances.  In his February 15, 2018 motion for joinder, Norman referred to the provisions of Civ.R. 75(B)(1).  Under Civ.R. 75(B)(1), "[a] person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant."  Other Ohio courts, in construing Civ.R. 75(B)(1) have found that the term "interest" as used in that rule "means a lien or ownership, legal or equitable."  *Maher v. Maher*, 64 Ohio App.2d 22, 24 (6th Dist.1978).  *See Shannon v. Shannon*, 8th Dist. No. 61747 (Feb. 4, 1993); *Moore v. Moore*, 175 Ohio App.3d 1, 2008-Ohio-255, ¶ 17 (6th Dist.); *Hudson v. Hudson*, 6th Dist. No. L-21-1040, 2021-Ohio-4036, ¶ 38, 40 (finding Civ.R. 75 did not provide a basis for a party to intervene in divorce action because party had no legal or equitable interest, including lien or title, on the marital property).  In *Moore*, the trial court cited to Civ.R. 75(B) as authority for joining several non-parties to the action as parties.  On appeal, the court, in determining whether such joinder under Civ.R. 75(B)(1) was proper, stated that "[t]he crucial issue is whether appellants claimed 'an interest in property.' "  *Moore* at ¶ 17, quoting Civ.R. 75(B)(1).

{¶ 17}  Here, the trial court's decision contains no analysis of the issue of the nature of the non-party's interest in the property under Civ.R. 75(B)(1).  Nor does the trial court's decision provide an explanation nor can we discern from the trial court's entry a reason for joinder under the grounds advanced by the February 15, 2018 motion, which was made pursuant to Civ.R. 20.  As a result, because the trial court's decision lacks sufficient clarity, we must remand this matter for the trial court to consider whether ordering joinder of

---

[1] *See Byers v. Robinson*, 10th Dist. No. 08AP-204, 2008-Ohio-4833, ¶ 16, quoting 56 American Jurisprudence 2d Motions, Rules, and Orders, Section 22, at 18 (1971) (" 'Generally, a party who makes a motion during the course of a trial may withdraw it at any time before the court has made an order responsive to the motion, at least where nothing has occurred to prejudice the opposing party by the motion's withdrawal. But leave of court is required in some jurisdictions before a motion may be withdrawn. The only effect of a withdrawal of a motion is to leave the record as it stood prior to its filing.' ").  We also note the trial court's April 18, 2018 granting of the motion to withdraw filed by Norman's counsel.

Norman is proper, and, if so, to provide explanation of the same or sufficient reasoning in support of such determination to enable meaningful appellate review. *Smith v. Smith*, 10th Dist. No. 93APF11-1615 (July 29, 1999) (reversing and remanding because the domestic relations court sua sponte and without explanation dismissed a new-party defendant previously added under Civ.R. 75(B)(1)). *See generally Yurkowski v. Univ. of Cincinnati*, 10th Dist. No. 13AP-1049, 2015-Ohio-1511, ¶ 17 (finding that where the "trial court applied the incorrect standard of care in evaluating the testimony, it was necessary for the trial court on remand to independently weigh the expert testimony and resolve the conflicting opinions in applying the correct standard"); *State v. J.L.S.*, 10th Dist. No. 18AP-125, 2019-Ohio-4173, ¶ 80 (finding it was necessary to remand where trial court applied improper standard and trial court's decision lacked sufficient clarity to enable meaningful appellate review); *Brothers v. Morrone-O'Keefe Dev. Co., LLC*, 10th Dist. No. 05AP-161, 2006-Ohio-1160, ¶ 20-23 (where trial court applied incorrect standard in determining liability, reviewing court must reverse and remand to the trial court to determine weight of the evidence in light of the correct standard); *Talley v. Talley*, 10th Dist. No. 15AP-812, 2016-Ohio-3533, ¶ 27, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93 (1988), paragraph two of the syllabus (remanding where "trial court failed to provide sufficient detail to enable meaningful appellate review").

{¶ 18} Accordingly, we sustain Hope's first assignment of error to the extent that this matter must be remanded to consider whether ordering joinder of Norman is proper, and, if so, to provide explanation or sufficient reasoning in support of such determination to enable meaningful appellate review.

## IV. Second, Third, and Fourth Assignments of Error

{¶ 19} Norman's motion to intervene claimed an interest in assets, in particular the real property at 2215 London Groveport Road ("the property"), owned by Hope and Shawn because they "borrowed funds from Norman for the initial purchase of [the property] and for a mortgage payment due for [the same]" and "fail[ed] to pay for the improvements that Norman has made to [the property]." (Mot. to Intervene at 2.) Norman stated that as a result of the parties failure to pay, he had filed a complaint in the Franklin County Court of Common Pleas, case No. 18CV-0748, in which he alleged claims for breach of contract and

quantum meruit. In the complaint attached to his motion to intervene, Norman alleged the parties owed him $77,091.26 for loans, costs, materials and approved change work orders related to the property, which included $8,000.00 for the initial purchase of the property and $1,323.65 for a mortgage payment, as well as $35,000.00 for labor performed by Norman on the property. In the complaint, Norman sought $112,091.26 plus pre- and post-judgment interest, costs and attorney fees, exemplary damages and other relief. Norman's motion for permissive joinder also refers to the No. 18CV-0748 complaint and claims he is "asserting his rights to the assets of the [e]xisting [p]arties, including the proceeds from any sale and/or transaction of the [r]eal [p]roperty with a question of law or fact common to all parties will arise in the action." (Mot. for Permissive Joinder at 7.) Norman specifically alleges that:

> It is Norman's understanding and belief that an appraisal filed and/or obtained in this matter is not accurate and significantly undervalues the Real Property. Further, it is Norman's understanding and belief that the Existing Parties intend to sell the Real Property in the very near future. If the Real Property is sold and assets distributed to the Existing Parties prior to Norman obtaining a judgment in the Common Pleas litigation and filing a Certificate of Judgment Lien, Norman's right to recover amounts due and owing will be significantly prejudiced.

(Mot. for Permissive Joinder at 4.)

{¶ 20} As noted previously, on March 26, 2018, Norman filed a notice of withdrawal of both the motion to intervene and motion for permissive joinder. We take judicial notice that on March 30, 2018 in case No. 18CV-0748, Norman also filed a notice of voluntary dismissal of defendant Hope only without prejudice pursuant to Civ.R. 41(A). However, Hope moved to intervene and filed an answer, counter-claims, and cross-claims on April 4, 2018. Norman then filed a notice of voluntary dismissal of defendant Shawn without prejudice pursuant to Civ.R. 41(A) on April 10, 2018. The court filed an entry terminating the case on May 1, 2018. On February 12, 2019, Hope filed a notice of voluntary dismissal of her counter-claims and cross-claims against Norman and Shawn.

{¶ 21} Notwithstanding, in the divorce decree, the trial court ordered as follows:

8. <u>INDEBTEDNESS</u>

Each party shall pay and hold the other party harmless for any indebtedness incurred in their individual names not otherwise mentioned herein, including all credit cards. The Court finds that the parties owe Norm[an] Davis $15,000 as and for the water proofing work in the basement of 2215 London Groveport Road, Columbus, Ohio 43123.

Although Defendant testified that she was not aware that Norm[an] Davis had funded renovations at the marital residence, the Court finds this testimony not credible, since Defendant also testified that she managed the family finances. The Court finds her testimony that the extensive renovations occurring were being funded solely by the Parties disingenuous. She testified that she knew the Parties received large gifts from Norm[an] Davis for Christmas and for vacations. Defendant managed the family finances and knew that she was not earning enough income to make up for the shortfall in the Parties funds for the renovation of the house.

Plaintiff shall pay 50% ($7,500) and Defendant shall pay 50% ($7,500) to Norm[an] Davis to repay this marital debt by July 31, 2021.

Third-Party Norm[an] Davis' Motion to Intervene and to be Joined as a Party filed on February 15, 2018 is hereby GRANTED.   Plaintiff shall pay 50% ($27,419.31) and Defendant shall pay 50% ($27,419.31) to repay the loan/debt of $54,838.62 (see Plaintiff's Ex 20D) to Norm[an] Davis in a lump sum payment by December 31, 2021.

CONSTRUCTIVE TRUST

In *Bolinger v. Bolinger*, (1990) 49 Ohio St.3d 120, the Ohio Supreme Court held that "the subject-matter jurisdiction of a trial court * * * to formulate an equitable division of the marital assets commences when either party files a complaint for divorce and a division of the marital property." *Id. at* 123. A constructive trust is an equitable remedy against unjust enrichment usually invoked when one has acquired title to property by fraud. *Ferguson v. Owens* (1984) 9 Ohio St.3d 223 at 226, 9 Ohio B. 565, 459 N.E. 2d 1293. However, a court may impose a constructive trust in the absence of fraud where it is inequitable for the person holding legal title to the property to

retain it. *LeCrone v. LeCrone*, Franklin App. No. 04AP-312, 2004 Ohio 6526, 2004 WL 2806387, at P11. Thus unjust enrichment may serve as the basis for a constructive trust. *Id*. Unjust enrichment occurs when a party retains money or benefits which, in justice and equity, belong to another. * * * Nevertheless, where the holder of legal title to property holds title against equity and good conscience and will be unjustly enriched by retaining title, Ohio courts have not required that the holder obtained title by fraudulent or questionable means before imposing a constructive trust. *Graza-Vance v. Vance*, 162 Ohio App.3d 5109, 525. The Court finds that Defendant is unjustly enriched by the labor and cash that Norm[an] Davis put into the marital residence. The Court finds that the constructive trust is necessary to guarantee payment to Norm[an] Davis by Defendant.

It is ORDERED that a constructive trust be placed upon the property located at 2215 London Groveport Road, Columbus, OH 43123 for the debt of $34,919.31 owed to Norm[an] Davis by Defendant.

(Emphasis sic.) (Decree at 10-12.)

{¶ 22} Although not entirely clear, it appears the trial court granted the motion to intervene/permissive joinder, ordered appellant to repay indebtedness and imposed a constructive trust on the property in conjunction with each other and consistent with Norman's request in the motions to intervene and for permissive joinder which he withdrew.

{¶ 23} In her second assignment of error, Hope asserts the trial court erred by finding the sums allegedly owed to Norman were marital debt. In her third assignment of error, Hope asserts the trial court erred in finding the parties owed Norman an amount exceeding the sum stipulated by the parties as the total disputed amount. In her fourth assignment of error, Hope asserts the trial court erred by imposing a constructive trust on the marital residence. In light of our resolution of the first assignment of error, and our remand to the trial court for consideration of whether ordering joinder of Norman is proper, we decline at this time to address the second, third, and fourth assignments of error as the trial court's consideration on remand of our order related to the first assignment of error may also implicate and cause reconsideration of marital debt and constructive trust

issues raised in the second, third, and fourth assignments of error. Therefore, the second, third, and fourth assignments of error are rendered moot.

## V. Fifth Assignment of Error

{¶ 24} In her fifth assignment of error, Hope asserts the trial court erred by issuing orders related to child support without ruling on objections to the January 16, 2020 magistrate's decision on Shawn's January 15, 2019 motion to modify child support where the parties had resolved custody and support issues in a joint shared parenting plan and the November 8, 2018 shared parenting decree. It is not clear why Hope raises on appeal the trial court's failure to rule on Shawn's objection to the January 16, 2020 magistrate's decision. A review of the record reveals that Hope herself did not file any objection(s) to the January 16, 2020 magistrate's decision. Shawn did not raise on appeal the trial court's failure to rule on his objection. Nevertheless, as this case is being remanded on the first assignment of error, and due to the confusion regarding Hope's assertion in her fifth assignment of error, we decline at this time to address the same and instruct the trial court to consider the same upon remand. Therefore, the fifth assignment of error is rendered moot.

## VI. Conclusion

{¶ 25} Having sustained Hope's first assignment of error to the extent that this matter must be remanded to consider whether granting joinder of Norman is proper, and, if so, to provide explanation or reasoning in support of such determination to enable meaningful appellate review, thereby renders the remaining four assignments of error moot. We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded with instructions.*

MENTEL, J., concurs.
LUPER SCHUSTER, P.J., concurs in part and dissents in part.

LUPER SCHUSTER, P.J., concurring in part and dissenting in part.

{¶ 26} I agree with the majority's decision to reverse and remand. I would do so, however, on additional grounds and with different remand instructions.

{¶ 27} Hope's first assignment of error alleges the trial court erred in granting Norman Davis' February 15, 2018 motion for permissive joinder because Norman had withdrawn that motion before the trial court granted it. It is undisputed that Norman withdrew his motion for permissive joinder before the trial court purported to grant it. Shawn contends that, while it was error for the trial court to grant a motion that was not pending, it was harmless error because the trial court had discretion under Civ.R. 75(B)(1) to act sua sponte and join Norman as a party in the action. The majority, citing this unexercised authority, sustains Hope's first assignment of error "to the extent that this matter must be remanded" for the trial court "to consider whether granting joinder of Norman is proper, and, if so, to provide explanation or reasoning in support of such determination to enable meaningful appellate review." (Majority Decision at ¶ 25.)

{¶ 28} In my view, a remand to resolve this issue is unnecessary. Joinder under Civ.R. 75(B) "is within the discretion of the court and its purpose is to allow individuals to join whose interests need to be protected." (Internal quotations omitted.) *Speece v. Speece*, 11th Dist. No. 2019-G-0193, 2021-Ohio-170, ¶ 43. Here, in addition to withdrawing his motion for permissive joinder in the trial court, Norman testified at the divorce hearing and he has not filed a brief in response to Hope's appeal, supporting the position that such joinder was not needed for his interests to be protected. Also, while Shawn asserts the trial court had the authority to sua sponte add his father Norman as a party, Shawn cites the potential exercise of that authority as a means to protect Norman's (not Shawn's) interest as a creditor in marital property. Under these circumstances, I would sustain Hope's first assignment of error, and I would limit the remand on this issue to the trial court correcting the error.

{¶ 29} Further, unlike the majority, I would address Hope's four remaining assignments of error. Hope's second assignment of error contends the trial court erred in finding that Norman's funding of improvements to the marital residence created a marital debt. She argues that finding was against the manifest weight of the evidence. I disagree.

{¶ 30} The classification of property as a loan or a gift is a factual determination, reviewed under a manifest weight standard of review. *McDowall v. McDowall*, 9th Dist. No. 27448, 2015-Ohio-3213, ¶ 4. Under this standard, we must affirm this factual finding, unless no competent, credible evidence supports it. *Taub v. Taub*, 10th Dist. No. 08AP-750, 2009-Ohio-2762, ¶ 15. Hope contends the record contains no competent, credible evidence that Norman's expenditures on the marital residence constituted loans to Hope and Shawn. But the record demonstrates otherwise.

{¶ 31} There is a general presumption that the exchange of funds between family members is a gift. *Longmire v. Danaci*, 10th Dist. No. 19AP-770, 2020-Ohio-3704, ¶ 41. This presumption may be rebutted by evidence demonstrating a different intent. *Id.* Here, Hope testified that only a limited portion of the funds that Norman, Shawn's father, provided for the improvements, namely, the $15,000 Norman provided to Everdry for a drainage system, should be considered a loan. In contrast, both Norman's and Shawn's testimonies indicated that all the funds Norman advanced for various work on the marital residence were loans to Shawn and Hope. Because competent, credible evidence supported the trial court's finding that Norman loaned the funds to Hope and Shawn, this finding was not against the manifest weight of the evidence. Accordingly, I would overrule Hope's second assignment of error.

{¶ 32} In Hope's third assignment of error, she alleges the trial court erred in determining the amount of marital debt owed to Norman totaled $69,838.62. The trial court found Norman loaned the $15,000.00 to Shawn and Hope for the drainage system, in addition to $54,838.62 in other funds for various marital residence improvements. At trial, Norman did not identify clearly the total marital debt owed to him, but he discussed the $15,000.00 that he paid for the drainage system within the context of all the funds he advanced for improvements to the marital residence. Seemingly because of this lack of clarity, Shawn and Hope stipulated that Norman was requesting repayment of $54,838.62. In my view, the trial court accepted the stipulation, but then erroneously identified the $15,000.00 as further marital debt owed to Norman. Consequently, I would sustain Hope's third assignment of error.

**{¶ 33}** Hope's fourth assignment of error alleges the trial court erred in imposing a constructive trust on the marital residence, which Hope retained pursuant to the divorce decree. A constructive trust is an equitable remedy for unjust enrichment and is imposed when necessary to satisfy the principles of justice. *Ferguson v. Owens*, 9 Ohio St.3d 223, 225-26 (1984). It is a "trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." (Internal citations and quotations omitted.) *Id.* Here, no party requested a constructive trust. Even so, the trial court found that Hope is "unjustly enriched by the labor and cash that Norm[an] Davis put into the marital residence. The Court finds that the constructive trust is necessary to guarantee payment to Norm[an] Davis" by Hope. (May 25, 2021 Divorce Decree at 12.) But the trial court's reasoning was flawed because the fact that Norman loaned funds to Shawn and Hope for improvements to the marital residence, which Hope has retained as part of the divorce, did not *unjustly* enrich Hope. Moreover, the loan amount was addressed separate from the award of the martial residence to Hope. Therefore, I would sustain Hope's fourth assignment of error because it was error for the trial court to impose a constructive trust on the marital residence.

**{¶ 34}** In Hope's fifth assignment of error, she contends the trial court erred in issuing child support orders in the divorce decree without ruling on Shawn's objections pursuant to Civ.R. 53(D)(4)(d). In January 2019, Shawn moved for a reduction in his child support obligation that was established pursuant to the shared parenting decree filed in November 2018. On January 16, 2020, a trial court magistrate issued a decision both denying this request and increasing Shawn's child support obligation. The magistrate's decision ordered Shawn to pay the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet. On the same day, the trial court adopted the magistrate's decision pursuant to Civ.R. 53(D)(4)(e). Two weeks later, Shawn filed objections to the magistrate's decision, alleging the magistrate erred in increasing his

child support obligation. The trial court did not directly rule on Shawn's objections. Instead, in the divorce decree issued May 25, 2021, the trial court analyzed the child support issue pursuant to the pertinent provisions of R.C. Chapter 3119, and it ordered Shawn to pay a monthly child support payment below the guideline child support worksheet amount and the amount previously ordered in the shared parenting decree. Because the trial court independently decided the child support issue, I would overrule Hope's fifth assignment of error.

{¶ 35} For these reasons, I concur in part and dissent in part.

---